UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

PAUL A. ADAMS,

Petitioner,

v.

Warden TIM O'DELL, CALIFORNIA, WISCONSIN, LOUISIANA, and U.S. DEPARTMENTS OF JUSTICE; FBI – WV, CALIF., WIS., LA., JUSTICE DEPT.S

Respondents.

Civil File No. 01-2132 (ADM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this matter be transferred to the U.S. District Court for the Eastern District of Wisconsin.

## I. BACKGROUND

In 1999, Petitioner was convicted in the state circuit court for Washington County, Wisconsin, on charges of "party to a crime/delivery of a non narcotic, and drunk driving." (Petition, [Docket No. 1], p. (2).) He was sentenced to five years in state prison, and he is currently serving his sentence at the Prairie Correctional Facility in Appleton, Minnesota.

In his current application for habeas corpus relief, Petitioner challenges the sentence imposed by the trial court in his Wisconsin state criminal case. He claims that his sentence is based on erroneous information in his criminal history records, and that he should have been given a shorter sentence.

FILED 11-28-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For the reasons discussed below, it will be recommended that the instant petition not be addressed on the merits in this district, but rather, that the matter be transferred to the U.S. District Court for the district in which Petitioner was convicted – namely the Eastern District of Wisconsin.

## II. DISCUSSION

Because Petitioner is currently incarcerated here in Minnesota, he can properly seek habeas corpus relief in this district, even though he was convicted in a Wisconsin state court. Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"). See also Rules Governing Section 2254 Cases In The United States District Courts, Rule 2, "Advisory Committee Notes" ("[t]he proper person to be served [with a petition for writ of habeas corpus] in the usual case is either the warden of the institution in which the petitioner is incarcerated... or the chief officer in charge of state penal institutions").

However, even though our Court has jurisdiction in this matter, (because Petitioner and his immediate custodian are located in this district), it is also necessary to consider whether Minnesota is the most appropriate venue for Petitioner's habeas corpus proceedings. Weeks, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation").

When a prisoner is incarcerated in a state other than the state in which he was convicted, it is generally preferable to have his federal habeas corpus claims considered in the state where he was convicted. Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly

transferred from the District Court of South Dakota to the District Court of Montana, because Montana – the place of conviction – was the preferable venue). The instant Petitioner was tried and convicted in Wisconsin under that state's law, and the Wisconsin Department of Corrections remains ultimately responsible for his custody. Therefore, the Court finds that Petitioner's current § 2254 habeas corpus petition should be litigated in Wisconsin. See Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue); Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (habeas petition brought by Nebraska prisoner housed in a Nevada prison should have been brought in Nebraska, not Nevada). It will therefore be recommended that this action be transferred to the U.S. District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1406(a).[1]

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this action to the U.S. District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a).

DATED: November 28, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

[1] Just last month Petitioner filed a different habeas corpus petition challenging his Wisconsin state criminal conviction and sentence. Adams v. O'Dell, No. 01-1823 (ADM/JGL). By Report and Recommendation dated October 10, 2001, this Court recommended that Petitioner's other habeas petition also should be transferred to the Eastern District of Wisconsin.

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Dec. 14, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.