**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Paul A. Adams,

Petitioner,

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-2132 ADM/JGL

vs.

Warden Tim O'Dell, California, Wisconsin, Louisiana, and U.S. Departments of Justice, FBI-WV, Calif., Wis., LA, Justice Dept.s,

Respondents.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Paul A. Adams' ("Petitioner") Objections [Doc. No. 3] to the November 28, 2001, Report and Recommendation ("R&R") of Magistrate Judge Jonathan G. Lebedoff [Doc. No. 2]. The R&R recommended that this matter be transferred to the U.S. District Court for the Eastern District of Wisconsin. The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Petitioner's present objections. For the reasons set forth below, the R&R is accepted.

## II. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of a R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Petitioner argues that Judge Lebedoff's recommendation to transfer venue to the Eastern

FEB [illegible] 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

District of Wisconsin is in error. Petitioner asserts that he is not challenging his Wisconsin state court conviction, but rather that he is challenging the federal agencies in each of the individual states of California, Wisconsin, Louisiana and West Virginia. Pet'r Obj. at 1. Petitioner alleges that each agency's records are factually inaccurate and therefore his sentence is tainted. Id. at 3. This is not a sufficient basis to reject the R&R.

Petitioner alleges his sentence imposed by the state trial court in Wisconsin is based on erroneous information. Even though, as Petitioner correctly asserts, the District of Minnesota does have jurisdiction in this matter, it is necessary to determine whether or not Minnesota is the most appropriate venue for Petitioner's habeas corpus proceedings. See Weeks v. Wyrick, 638 F.2d 690, 693 (8th Cir. 1981). When a prisoner is incarcerated in a state other than the state in which he was convicted, it is appropriate to have his federal habeas corpus claims considered in the state where he was convicted. Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (finding that the state of conviction and sentencing is the most convenient forum because of the availability of witnesses and records). Petitioner is attacking his original conviction in the Wisconsin court, thus his dispute is with the State of Wisconsin, not Minnesota. Therefore, Petitioner's current habeas corpus petition should properly be litigated in Wisconsin. See Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (holding that venue is proper in the state where Petitioner alleges the sentencing in that state violated his or her constitutional rights); Fest v. Bartee, 804 F.2d 559, 560 (9th Cir. 1986) (holding that habeas petition was more properly brought in Nebraska, where Petitioner was convicted and where the State of Nebraska was an appellee, rather than in Nevada, where Petitioner was incarcerated). Petitioner's Objections are denied.

**III. CONCLUSION**

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections [Doc. No. 3] are **DENIED**,
2. The R&R [Doc. No. 2] is **ACCEPTED**, and
3. This matter is transferred to the U.S. District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a).

BY THE COURT:

s/ Ann D. Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 5, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.